## No. 4424.

STATE OF LOUISIANA ex rel. R. C. RICHARDSON *v.* JAMES GRAHAM, State Auditor.

The act No. 6 of 1870, entitled "An Act to regulate public education in the State of Louisiana and city of New Orleans and raise a revenue for that purpose," authorizes the removal of the division superintendents upon certain contingencies, and the mere fact of plaintiff's removal is presumptive evidence that it was made for a proper cause. It was incumbent on him to show that the removal was without cause or not in conformity with existing laws.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. R. Stewart Dennee,* for relator and appellee. *Hays & New,* for defendant and appellant.

Justices concurring: Ludeling, Taliaferro, Howell and Wyly.

HOWELL, J. On the twenty-ninth of March, 1870, the relator was appointed Division Superintendent of Education, first division, in pursuance of the third section of act No. 6 of 1870, entitled "An Act.

to regulate public education in the State of Louisiana and city of New Orleans and raise a revenue for that purpose." His term of office was three years, and salary $2500, payable quarterly upon his own warrant. This proceeding was instituted on the twenty-first of September, 1872, to compel the State Auditor to issue to him a warrant on the State Treasurer for $1770 55, for amount of salary from the first of December, 1871, to the thirty-first of August, 1872, and from a judgment making the mandamus peremptory this appeal is taken.

The above act which created the office authorized the removal of the division superintendents upon certain contingencies, and the mere fact of relator's removal, which is admitted, is presumptive evidence that it was made for a proper cause. See the case of Desbree v. Voss, 19 An. 210, and Vincent v. Populus, Opinion Book 37, p. 584. It was incumbent on and in the power of relator to show that the removal was without cause or not in conformity to law. This has not been done. In the cases cited by the relator, provision was not made for the removal as was effected, or no proof of a removal was adduced, and they are therefore not applicable to this case.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant rejecting the application, with costs in both courts.